UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-FLINT

IN THE MATTER OF:

John R. Ceci,

Debtor.
_____/

Bankruptcy Case No. 09-30974
Chapter 7
Honorable Daniel S. Opperman

## TRUSTEE'S OBJECTION TO THE DEBTOR'S CLAIMED EXEMPTION

Trustee, Collene K. Corcoran, ("Trustee") by and through her counsel, Beadle Smith, PLC, hereby states for Trustee's Objection to the Debtor's Claimed Exemption as follows:

1. On February 27, 2009, John Ceci ("Debtor") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Reform Act of 1978 as Amended, Title 11 ("Petition Date").

2. Subsequent to the aforementioned bankruptcy filing, Collene K. Corcoran was appointed the duly qualified and acting Trustee in this matter.

3. On May 15, 2008, the Debtor personally obtained a judgment against Linda J. Johnson in the amount of $34,170.00 ("Judgment"). A copy of the Judgment is attached hereto as Exhibit 6-A.

4. Pursuant to the Debtor's original Schedule B, he failed to disclose any interest in the Judgment and did not claim an exemption in the Judgment on his Schedule C originally filed with this Court.

5. On August 25, 2009, Trustee finalized a settlement with Linda Johnson in regards to the Judgment in which the bankruptcy estate would receive the sum of $5,000.00 ("Settlement").

6. The Trustee filed a motion seeking approval of the Settlement with the Court on September 3, 2009 which was approved by the Court on September 28, 2009.

7. On November 16, 2009, the Debtor amended his Schedule B to disclose the Judgment and appears to be claiming it as exempt in the amount of $3,100.00 pursuant to 11 U.S.C. §522(d)(5).

8. The Trustee objects to the Debtor's exemption in the Judgment because the Debtor failed to disclose the Judgment in his original schedules and his amendments are untimely.

1

**WHEREFORE,** Trustee prays this Honorable Court deny the Debtor's exemption in the Judgment in its entirety.

Respectfully submitted,

BEADLE SMITH, PLC

/S/ Kevin M. Smith
By: Kevin M. Smith (P48976)
Attorneys for Trustee
445 South Livernois, Suite 305
Rochester Hills, MI 48307-2577
(248) 650-6094 (phone); (248) 650-6095 (fax)
ksmith@bbssplc.com

Dated: 11/25/09

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-FLINT**

**IN THE MATTER OF:**

John R. Ceci,  Bankruptcy Case No. 09-30974
 Chapter 7
 Debtor. Honorable Daniel S. Opperman
_____/

## ORDER DISALLOWING DEBTOR'S EXEMPTION

This matter having originally come before this Honorable Court upon the Trustee's Objection to Debtor's Claimed Exemption, proper service having been made pursuant to the Federal Rules of Bankruptcy Procedure, no objections having been filed or, alternatively, any filed objection having been resolved, the defined terms in the objection having the same meaning in this Order; and the Court being otherwise fully advised in the premises;

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Debtor's exemption of Judgment is denied in its entirety.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-FLINT

IN THE MATTER OF:

John R. Ceci,   Bankruptcy Case No. 09-30974
                Chapter 7
        Debtor. Honorable Daniel S. Opperman
_____/

## NOTICE OF REQUIREMENT OF WRITTEN RESPONSE TO TRUSTEE'S OBJECTION TO THE DEBTOR'S CLAIMED EXEMPTION

Trustee, Collene K. Corcoran, has filed papers with the Court objecting to the Debtor's claimed exemption.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief sought in the Objection, or if you want the Court to consider your views on the Objection, within 15 days, you or your attorney must:

1. Pursuant to L.B.R. 9014-1 (E.D.M.), file with the Court a written objection explaining your position at:[1]

    United States Bankruptcy Court
    226 West Second Street, Flint, MI 48502

    If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

    You must also mail a copy to:

    Kevin M. Smith, Attorneys for Trustee [see address below]

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the Objection and you will be served with a notice of the date, time, and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.**

BEADLE SMITH, PLC

/S/ Kevin M. Smith
By: Kevin M. Smith (P48976)
Attorneys for Trustee
445 South Livernois, Suite 305
Rochester Hills, MI 48307-2577
(248) 650-6094 (phone); (248) 650-6095 (fax)

Date Served: 11/25/09    ksmith@bbssplc.com

[1] Response or answer must comply with F.R. Civ. P 8 (b) (c) and (e)

IN THE MATTER OF:

John R. Ceci,  Bankruptcy Case No. 09-30974
 Chapter 7
　　　　Debtor.  Honorable Daniel S. Opperman
_____/

### TRUSTEE'S BRIEF IN SUPPORT OF TRUSTEE'S OBJECTION TO THE DEBTOR'S CLAIMED EXEMPTION

#### Introduction

On February 27, 2009, the John Ceci ("Debtor") debtor herein filed a Voluntary Petition under Chapter 7 of the Bankruptcy Reform Act of 1978 as Amended, Title 11 ("Petition Date"). Subsequent to the aforementioned bankruptcy filing, Collene K. Corcoran was appointed the duly qualified and acting Trustee in this matter.

On May 15, 2008, the Debtor personally obtained a judgment against Linda J. Johnson in the amount of $34,170.00 ("Judgment"). A copy of the Judgment is attached hereto as Exhibit 6-A. Pursuant to the Debtor's original Schedule B, he failed to disclose any interest in the Judgment and did not claim an exemption in the Judgment on his Schedule C originally filed with this Court.

On August 25, 2009, Trustee finalized a settlement with Linda Johnson in regards to the Judgment in which the bankruptcy estate would receive the sum of $5,000.00 ("Settlement"). The Trustee filed a motion seeking approval of the Settlement with the Court on September 3, 2009 and was approved by the Court on September 28, 2009. On November 16, 2009, the Debtor amended his Schedules B and C to disclose the Judgment and appears to be claiming it as exempt pursuant to 11 U.S.C. §522(d)(5).

The Trustee objects to the Debtor's exemption in the Judgment because the Debtor failed to disclose the Judgment in his original schedules and his amendments are untimely.

#### Legal Argument
#### Any Amendment to the Debtors' Exemption is Prejudicial.

Any amendment to the Debtor's Schedule C claiming the Judgment as exempt is prejudicial to the bankruptcy estate and should not be allowed. Although the Debtor is permitted to amend his

1

exemptions pursuant to Federal Rule of Bankruptcy Procedure, Rule 1019, such general rule is not without its exceptions. The Sixth Circuit has held that courts may refuse to allow an amendment where the debtor has acted in bad faith or where property has been concealed. *Lucius v. McLemore*, 741 F.2d 125 (6th Cir. 1984). In sum, where there is reliance or prejudice to the estate, the exemption may be disallowed. *See, In re Knapp*, 283 B.R. 819 (Bankr. W.D. Pa. 2002). The rule allowing amendments is liberal, however the bankruptcy court has discretion to disallow the amendment. *See, In Re Daniels*, 270 B.R. 417 (Bankr. E.D. Mich. 2001)

"Prejudice may be established by showing harm to the litigating posture of parties in interest. If the parties would have taken different actions or asserted different positions had the exemption been claimed earlier, and the interest of those parties are detrimentally affected by the timing of the amendment, then the prejudice is sufficient to deny the amendment. Moreover, an amendment is prejudicial if it impairs a trustee in the diligent administration of the estate....Prejudice arises when a trustee has acted in reliance upon debtor's initial schedules and having taken action based on those schedules, is prejudiced if amendments are allowed....*In re Clark*, 274 B.R. 127 (Bankr. W.D. Pa. 2002). Prejudice has also been found to accrue where a debtor exhibits "inordinate dely" in amending his exemptions. *In re Jelinek*, 97 B.R. 429, 432 (Bankr. N.D. Ill. 1989) (discussing *In re Patel*, 43 B.R. 500 (N.D. Ill. 1984).

As stated by one court, prejudice may be found by the Debtor's delay: "To allow a debtor to amend his claim of exemption at this late date would clearly be inequitable and would hinder the diligent administration of the bankruptcy estate by the bankruptcy trustee. Because to allow the Debtor to amend his claim of exemption at this late date would have an adverse impact on creditors whose rights have attached to the bankruptcy estate and because late amendment to the Debtor's claim of exemptions would hinder the diligent administration of the bankruptcy estate by the Trustee, the amendment is not seasonable (sic) and therefore, not allowed. *In re Snow*, 21 B.R. 598, 600 (Bankr. ED CA 1982)."

In the present case, the Debtor waited until the Trustee successfully negotiated a settlement with Linda Johnson, sought and obtained Court approval of the settlement and incurred significant expenses in doing so. Trustee's counsel has spent a significant amount of time and effort in reducing

2

the Judgment to cash for the benefit of the estate. The Trustee's decision on how to proceed would be significantly different if the Trustee was apprised of the Debtor's intention to claim the Judgment as exempt. The Trustee would not have spent time, money and effort necessary to liquidate the Judgment. There has been nothing that prevented the Debtor from claiming this exemption in the beginning. The Trustee relied on the Debtor's Schedules and claimed exemptions in proceeding with the administration of this case. If the Debtor is permitted to amend his exemption at this late in the administration, the estate will suffer irreparable harm due to the Debtor sitting on his hands while the Trustee carried out her statutory responsibility.

At what point in time does the exemption become final which allows the Trustee to undertake her duties to properly administer an estate? Should the Trustee violate or indefinitely defer her obligation to administer the estate on the possible chance that at some unknown point in time the Debtor may awaken and amend his or her exemption? To state the issue underscores the clear lack of logic in allowing the Debtors to amend their exemptions at this stage. An effective bankruptcy administration system can only be based on what a debtor actually does or fails to do, as opposed to what a trustee may predict the Debtor may do at some unknown time. Otherwise, this would amount to the shifting of the responsibility from the Debtor to the Trustee in violation of the statutory scheme and good sense. "Equity aids the vigilant and not those who slumber on their rights." *In re Daniels*, 270 B.R. 417, 427 (Bankr. E.D. Mich. 2001). (paraphrasing, Opinion Denying Debtor's Motion for Reconsideration, *In re John Boyden*, Case No. 98-31183-WS (E.D. Mich. entered Jan. 23, 2004).

In *Shapiro v. First Franklin Corp. et al (In Re Rechis)*, 339 B.R. 643, 646 (Bankr. E.D. Mich. 2006, Chief Judge Rhodes sustained the objections to the debtor's amended exemptions based on the doctrine of laches. The *Rechis* case required proof of the lack of diligence by the debtors and prejudice to the estate or Trustee. *Id at 645*. This Court followed the analysis in *Rechis* and *Daniels* in *In Re Podczerviensky*, Bankruptcy Case Number 05-21514, Judge Opperman (2007) when it disallowed a tardily filed amendment of exemptions by the Debtor.

For the reasons set forth above, the Debtor's exemption in the Judgment must be denied.

3

Respectfully submitted,

BEADLE SMITH, PLC


/S/ Kevin M. Smith
By: Kevin M. Smith (P48976)
Attorneys for Trustee
445 South Livernois, Suite 305
Rochester Hills, MI 48307-2577
(248) 650-6094 (phone); (248) 650-6095 (fax)
Ksmith@bbssplc.com

Dated: 11/25/09

4

**IN THE MATTER OF:**

John R. Ceci,

Debtor.
_____/

Bankruptcy Case No. 09-30974
Chapter 7
Honorable Daniel S. Opperman

## CERTIFICATE OF SERVICE

I hereby certify that on 11/25/09, I served the following Papers:

Trustee's Objection to the Debtor's Claimed Exemptions Proposed Order, Notice of Opportunity to Respond, Brief in Support, this Certificate of Service, Affidavit and Exhibit List with Exhibits

on the following parties at these addresses:

John R. Ceci
5150 Old Hickory
Brighton, MI 48116

by the following means:

United States first-class mail

&

Jill Creech Bauer
Attorney for Debtor

by ECF only

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-FLINT

IN THE MATTER OF:

John R. Ceci,                      Bankruptcy Case No. 09-30974
                                       Chapter 7
           Debtor.                  Honorable Daniel S. Opperman
_____/

## **AFFIDAVITS**

None.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-FLINT**

**IN THE MATTER OF:**

John R. Ceci,                          Bankruptcy Case No. 09-30974
                                          Chapter 7
                 Debtor.              Honorable Daniel S. Opperman
_____/

## EXHIBIT LIST

| Exhibit | Description |
|---|---|
| 6-A | Judgment |

Approved, SCAO

Original - Court
1st copy - Plaintiff
2nd copy - Defendant

| STATE OF MICHIGAN JUDICIAL DISTRICT 44th JUDICIAL CIRCUIT | JUDGMENT Civil | CASE NO. 08-23416-CZ |
|---|---|---|

Court address: 204 S. Highlander Way, Howell, MI 48843

Court telephone no.: 517-546-9816

**Plaintiff(s)**
John R. Ceci

v

**Defendant(s)**
Linda J. Johnson

**Plaintiff/Plaintiff attorney name and address**
John R. Ceci (P64636)
224 W. Sibley St.
Howell, MI 48843

**Defendant/Defendant attorney name and address**
Linda J. Johnson in pro per
322 Alger, Apt. 10
Howell, MI 48843

☑ **JUDGMENT**

For: Plaintiff

Against: Defendant

☑ Trial   ☐ Consent
☑ Summary Disposition   ☐ Default*

☐ **DISMISSAL**
☐ Without prejudice   ☐ With prejudice
☐ No cause of action

*For a defendant on active military duty, default judgment shall not be entered except as provided by the Servicemembers Civil Relief Act.

**ORDER OF JUDGMENT**

Damages: $ 34,000.00
Costs: filing $ 150.00  jury $ ____  motion $ 20.00  service $ ____   $ 170.00
Attorney fee: ☐ statutory ☐ other (specify) ____   $ ____
Total judgment amount (this judgment will earn interest at statutory rates, computed from the filing date of the complaint): $ 34,170.00
The judgment interest accrued thus far is $ ____ and is based on: (if additional rates apply, attach a separate sheet)
☐ the statutory rate of ____ % from ____ to ____
☐ the statutory 6-month rate(s) of ____ % from ____ to ____
____ % from ____ to ____

Other conditions, if any:
☐ A note or other written evidence of indebtedness has been filed with the clerk for cancellation.
☐ Approved as to form, notice of entry waived.
IT IS ORDERED that this judgment is granted.
This judgment resolves the last pending claim and closes the case unless checked here. ☐

5-15-08
Judgment date

Judge/Court clerk         Bar no.

FILED 08 MAY 15 PM 1:00 LIVINGSTON COUNTY CLERK

Plaintiff/Attorney         Defendant/Attorney

Judgment has been entered and will be final unless within 21 days of judgment date a motion for new trial or an appeal is filed.

**CERTIFICATE OF MAILING**

I certify that on this date copies of this judgment were served on the appropriate parties or their attorneys by first-class mail to their last-known addresses.

5/19/08
Date

Signature

MC 10 (5/07) JUDGMENT, CIVIL         MCL 600.2441, MCL 600.5759, MCL 600.6013, MCR 2.601, MCR 2.602, MCR 2.603, 50 USC 521

EXHIBIT 6-A